# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PAUL SALMAS, | Case No. SACV14-1743CJC(RNBx) |
| Plaintiff, | (Assigned to the Honorable Cormac J. Carney Courtroom "9-B") |
| vs. | **DISCOVERY MATTER** |
| I.C. SYSTEM, INC., | ~~**[PROPOSED]**~~ **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |
| | Complaint Filed:        10/30/14 |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiff Paul Salmas ("Plaintiff") and Defendant I.C. System, Inc., through their respective attorneys of record, and pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), do hereby agree and stipulate as follows:

**WHEREAS**, the parties desire to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality regarding training materials, medical records and other documents that contain information of a proprietary, financial and/or trade secret nature, and protect adequately the aforementioned information;

1

**THEREFORE, IT IS STIPULATED** that the parties agree to abide by the form of the protective and inadvertent disclosure order, which appears below, and that the Court may enter the Order to that affect:

## A.   CONFIDENTIALITY

### 1. SCOPE

(a)   The Parties acknowledge that discovery may require disclosure of information that is private and personal or confidential and proprietary, specifically medical information, statements, and records, as well as Defendants' confidential and proprietary business information and/or training materials.

As a result, the parties agree to enter into a Protective Order on the following terms to ensure the continuing confidentiality of such information. The Parties agree that this Protective Order shall be applicable to the production and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, requests for admissions, and responses to requests for admissions, exhibits, and pleadings and all other information exchanged and furnished in this Action by the Plaintiff and Defendants that the Parties customarily treat as confidential, proprietary, and/or trade secret.

The Parties further acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

(b)   This Protective Order shall limit the use or disclosure of documents, deposition testimony, and related information which are or which embody or disclose any information falling with the scope of Paragraph (1)(a) and designated hereunder as "Confidential," and shall apply to:

(i)   All such documents designated as "Confidential" in accordance with the terms of this Protective Order and the applicable legal standards;

2

31586592v1 0966207

(ii)     Portions of deposition testimony and transcripts and exhibits thereto which include, refer or relate to any "Confidential" Information;

(iii)    All information, copies, extracts and complete or partial summaries prepared or derived from "Confidential" Information; and

(iv)    Portions of briefs, memoranda or any writing filed with or otherwise supplied to the Court, which include or refer to any such "Confidential" Information.

(c)     It is the obligation of each party to designate documents, testimony, or other information as "Confidential" hereunder and assert that he or she believes in good faith that such material is "Confidential" Information which falls within the scope of Section (1)(a) and is not otherwise available to the public generally.  Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(d)     All documents, testimony, and other materials produced by the Parties in this case and labeled "Confidential" shall be used only in this proceeding.

2.  **DESIGNATION OF DOCUMENTS AND DEPOSITIONS**

(a)     The Parties, and third parties subpoenaed by one of the Parties, may designate as "Confidential" documents, testimony, written responses, or other materials produced in this action if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  Designation of a document as "Confidential" shall be made by stamping or writing CONFIDENTIAL on the document(s).  The failure to designate documents as "Confidential" at the time of production shall not constitute a waiver

3

of the protection of this Protective Order and any party may, at any time up to 30 days before the actual trial date in this action, designate any documents or information produced as "Confidential" that have not as yet been so designated. Stamping the legend "Confidential" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party, but only if the entire document is produced in a bound or otherwise intact manner.

(b)     Designation of a deposition, or portions thereof, as "Confidential" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony.  The portions of depositions so designated as "Confidential" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order.  Failure of any other person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of "Confidential" information so long as persons are in attendance who are not entitled by this Protective Order to have access to such information.   The Parties may, but need not in order to designate material as "Confidential" information, instruct the court reporter to segregate such portions of the deposition in a separate transcript designated as "Confidential."  Portions of such deposition transcripts shall be clearly marked as "Confidential" on the cover or on each page, as appropriate.

(c)     Any party may designate documents produced or portions of depositions taken as containing "Confidential" information even if not initially marked as "Confidential" in accordance with the terms of this Protective Order by so advising counsel for each other party in writing and by reproducing said documents with the required confidential designation.   Thereafter, each such document or transcript shall be treated in accordance with the terms of this Protective Order; provided, however, that there shall be no liability for any

31586592v1 0966207

disclosure or use of such documents or transcripts, or the "Confidential" information contained therein, which occurred prior to actual receipt of such written notice. Any person who receives actual notice of any such designation of previously produced documents or deposition transcripts as containing "Confidential" information shall thereafter treat such information as if it had been designated as "Confidential" at the time he, she, or it first received it in connection with this matter.

(d)    Inadvertent failure to designate "Confidential" information shall not be construed as a waiver, in whole or in part, and may be corrected by the producing party by designating documents produced or portions of depositions taken as containing "Confidential" Information, even if not initially marked as "Confidential," in accordance with the terms of this Protective Order and, specifically, Paragraph 2(c) above.

(e)    Designated "Confidential" information and documents shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, or other documents filed with the Court, except when any portion(s) of such pleadings, motions, briefs, or other documents are filed under seal with the authorization of the Court under Local Rule 79-5.1.

3.  **LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a)    Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall

be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

(b)     Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel and authorized by the Court:

i.     The Parties;

ii.     Outside counsel of record for the parties, and the administrative staff of outside counsel's firms;

iii.     In-house counsel for the parties, and the administrative staff for each in-house counsel;

iv.     Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation;

v.     Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation;

vi.     The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action;

vii.     The authors and the original recipients of the documents;

viii.     Any court reporter or videographer reporting a deposition; and

ix.     Employees of copy services, microfilming or database services, trial

31586592v1 0966207

support firms and/or translators who are engaged by the parties during the litigation of this action.

(c)     Prior to being shown any documents produced by another party marked "Confidential," any person listed under 3(b)(iv)-(v) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit A.

(d)     The substance or content of the "Confidential" information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than as set forth in Paragraphs 3(b)(i)-(ix) above.   Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, the designating party may exclude from the room any person, other than persons designated in Paragraph 3(b), as appropriate, for that portion of the deposition, hearing, or pretrial proceeding.

(e)     Nothing in this Protective Order is intended or should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful subpoena issued in another action.

4. **FILING DOCUMENTS UNDER SEAL**

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.   For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

5. **CHALLENGE TO CONFIDENTIALITY DESIGNATION**

Each party reserves the right to dispute the designation of a document or other information as "Confidential" by any other party or subpoenaed party in accordance with this Protective Order.   If a party believes that any documents or materials have

7

been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. The parties shall attempt to resolve such disagreements before submitting them to the Court pursuant to Local Rule 37-1. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure.

If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Any such motion must strictly comply with all requirements of Local Rule 37-2 and each of its subparts. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

6. **SURVIVAL OF ORDER – RETURN OF DOCUMENTS**

At the conclusion of the litigation, all material not received in evidence and treated as confidential under this Order must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

7. **USE OF DOCUMENTS AT TRIAL**

This Protective Order, except as provided in Paragraph 4, shall not apply to information designated or marked "Confidential" hereunder which is used at any evidentiary hearing or trial in this action. The parties hereby reserve their rights to use, or seek to limit the disclosure of, confidential information at any such hearing or trial.

8. **USE OF OWN DOCUMENTS BY PRODUCING PARTY**

Nothing in this Protective Order shall limit the use by any party, person or entity of his, her, or its own document or information for legitimate business

purposes unrelated to this litigation, even if such documents or information have been designated as "Confidential."

9.   **APPLICATIONS TO COURT**

(a)   This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which would be otherwise available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery, including documents and their contents.

(b)   Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c)   The parties hereto, and all other persons who receive "Confidential" information pursuant hereto, agree that any party or other person injured by a violation of this Protective Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall violate or threaten to violate any terms of this Protective Order, the Parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  In the event the aggrieved party shall do so, the responding person subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  Any persons subject to the terms of this Protective Order agree that the Court shall retain jurisdiction over it and them for the purposes of enforcing this Order, including but not limited to issuing an injunction.  In addition to injunctive relief, as specified herein, the Court may impose monetary and/or issue sanctions, as well as other relief deemed appropriate under the circumstances for a violation of this Protective Order.

(d)     If any deponent required under the terms of this Protective Order to execute the written Acknowledgment and Agreement described in Paragraph 3(c) above refuses to do so, the parties may complete the deposition on other matters and/or adjourn it and move the Court for any appropriate relief, including (without limitation) relief from this Protective Order as to that deponent, or an order that the deponent shall execute the written agreement described in Paragraph 3(c) above, or an order that deponent shall be bound by the terms of this Protective Order.  Any non-party whose "Confidential" Information is the subject of such a motion shall be given notice thereof.

10.  **AGREEMENT TO COOPERATE**

The Parties hereto and their respective attorneys of record agree that, when one party's attorney requests a deponent to sign the written Acknowledgment and Agreement described in Paragraph 3(c) above, the Parties' attorney(s) will join in such request, unless the attorney(s) has a good faith basis for refusing to join in such a request; provided, however, that this requirement shall not apply with respect to any deponent who is represented at his or her deposition by an attorney of record for any party hereto (including any member or associate of their respective law firms). An attorney's request to sign such Acknowledgment pursuant to this Paragraph shall not be construed to constitute legal advice to the deponent, but shall and may be stated to be simply a request to facilitate discovery in this action.

11.  **NO ADMISSIONS**

Neither entering into this Protective Order, nor receiving any documents or other information designated as "Confidential" shall be construed as an agreement or admission: (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy or materiality of any information or document designated as "Confidential."

31586592v1 0966207

12. **NO WAIVER OF PRIVILEGES OR OBJECTIONS TO ADMISSIBILITY**

Nothing in this Protective Order shall be construed as requiring disclosure of "Confidential" Information, including, but not limited to, materials subject to protection under the attorney-client privilege and/or attorney work product doctrine, the trade secrets privilege, or under any other applicable privileges or rights of privacy, or requiring disclosure of "Confidential" Information that is otherwise beyond the scope of permissible discovery. Further, nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

13. **DISCLOSURE IN VIOLATION OF ORDER**

If any "Confidential" Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately, in writing, notify the Parties of all pertinent facts relating to such disclosure, and without prejudice to the rights and remedies of the designating party, make every effort to prevent further unauthorized disclosure.

14. **MODIFICATION - FURTHER AGREEMENTS**

Nothing contained herein shall preclude any party from seeking from a Court modification of this Protective Order upon proper notice, nor shall anything contained herein be construed as to preclude the parties from entering into other written agreements designed to protect "Confidential" Information. Until modified by agreement between the parties or by an additional Order of this Court, this Order shall remain in full force and effect.

15. **COUNTERPARTS**

This Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

B.    **THE INADVERTENT PRODUCTION OF MATERIALS**

31586592v1 0966207

For the purposes of the remainder of this Order, the following definitions shall apply:

a.    An "Inadvertently Produced Document" is a document that a party to this litigation provides to the opposing party in this case but that should have been withheld by the Producing Party, in whole or in part, based on a claim of privilege, work-product protection, confidentiality or other restrictions on disclosure, and for which the Producing Party provides the notice required in this Order.

b.    The "Producing Party" is the party that provides an Inadvertently Produced Document.

c.    The "Receiving Party" is a party that receives an Inadvertently Produced Document.

16.    Pursuant to the agreement of the parties under Fed. R. Evid. 502(e) and by Order of this Court under Fed. R. Evid. 502(d), no disclosure, production, or exchange of documents or information in this case shall constitute a waiver of any applicable attorney-client privilege or of any applicable work product protection in this or any other federal or state proceeding.  This Order applies to any Documents or Electronically Stored Information  ("ESI") disclosed, exchanged, produced, or discussed-whether intentionally or inadvertently-among the parties, their counsel and/or any agents (such as vendors and experts) in the course of this litigation (collectively, "Produced Documents").

17.    This Order applies regardless of whether the Documents or ESI describe or relate to actions taken in this litigation, or in prior or separate litigations.

18.    Upon learning of an inadvertent production, the Producing Party shall promptly give all counsel of record notice of the inadvertent production. The notice shall identify the document, the portions of the document that were inadvertently produced, and the first date the document was produced. If the Party that produced a document claims that only a portion of the document was inadvertently produced, the

Party shall provide with the notice of inadvertent production a new copy of the document with the allegedly privileged portions redacted.

19. Upon receiving notice of an inadvertent production, or upon determining that a document received is known to be privileged, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has, and shall destroy any notes that reproduce, copy or otherwise disclose the substance of the privileged information. The Receiving Party may not use or disclose the information until the claim is resolved. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved.

20. A Party receiving documents produced by another Party is under a good faith obligation to promptly alert the Producing Party if a document appears on its face or in light of facts known to the Receiving Party to be privileged.

21. To the extent that any Party obtains any information, documents or communications through inadvertent disclosure, such information, documents and communications shall not be filed or presented for admission into evidence or sought in discovery by that Party in any action.

22. If the Receiving Party challenges a claim that a Produced Document is properly privileged, the Receiving Party may in connection with a good faith challenge, make reference to the contents of the document in any paper submitted to the Court, so long as such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide such document to the Court for in-camera review.

23. If the Court sustains the claim that a Produced Document is properly a Produced Privileged Document, the Receiving Party shall, within two (2) days of the Court's order, return the Produced Privileged Document and any copies it has and destroy any notes relating to the Produced Privileged Document and advise the Producing Party in writing of the destruction.

31586592v1 0966207

24.     Nothing in this Order shall be construed to require the production of any Document or ESI that a Party contends is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**IT IS SO ORDERED.**



Dated: <u>April 13, 2015</u>

_____

Hon. Robert N. Block
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

31586592v1 0966207

**PROOF OF SERVICE**
**Salmas v. I.C. System, Inc.**
**USDC Case No.:  SACV14-01743CJC(RNBx)**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action(s); my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On  April 10, 2015, I served the document(s) entitled, **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action:

Paul Salmas
12823 Maxwell Drive
Tustin, CA  92782
Pro Se

(BY MAIL): x enclosed a true and correct copy of the document in a sealed envelope addressed to the persons at the addresses listed on the attached SERVICE/MAILING LIST.  The envelope was mailed with postage fully prepaid.  I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

(BY OVERNIGHT MAIL):         I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the addresses on the attached SERVICE/MAILING LIST.  I placed the envelope or package for collection and handling via UPS following our ordinary business practices.   I am readily familiar with this business' practice for collecting and processing correspondence for UPS.  On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

(BY E-MAIL OR ELECTRONIC TRANSMISSION):    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be sent to the persons at the electronic service addresses listed on the attached SERVICE/MAILING LIST.

 (BY HAND DELIVERY):              I caused each such envelope(s) to be delivered by hand to the addressee(s) mentioned in the attached SERVICE/MAILING LIST..
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2015, at Los Angeles, California.

_____
Melanie Ingrid Davis

31586592v1 0966207